UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA**

v.  Criminal Action No. 2:04cr25

**ANTHONY DAVAYON WIGGINS,**

    **Defendant.**

## ORDER AND OPINION

Currently before the court is the defendant's Motion for Re-Sentencing filed on July 5, 2005. The defendant argues that his sentence was unconstitutionally enhanced based on drug amounts that were not admitted by him, nor found by a jury. Because the record conclusively demonstrates that the defendant is not entitled to relief, the court declines to hold an evidentiary hearing. For the reasons set forth below, the defendant's petition is **DENIED**.

**I.    Factual Background**

On February 11, 2004, the defendant was named in a one count indictment charging him with possession with intent to distribute 500 grams or more of cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(ii). On April 28, 2004, pursuant to a written plea agreement with the United States, the defendant pleaded guilty to the indictment. A date for sentencing was set and a presentence report was prepared by the Probation Office of this court.

The defendant made several objections to the presentence report, including the calculation of drug weights. Specifically, the defendant objected to any drug amount beyond that to which he plead, which was 746 grams. The defendant argued that pursuant to Blakely v. Washington, 124 S. Ct. 2531 (2004), that the enhancement of his sentence through the attribution of drug quantities not

1

admitted by him, nor found by a jury, violates the Sixth Amendment. However, at the sentencing hearing on August 20, 2004[1], the defendant withdrew his <u>Blakely</u> objection. Subsequently, the court determined that the Probation Officer had correctly calculated the drug amounts attributable to the defendant. After reductions for acceptance of responsibility and the safety valve, the court determined that the defendant's guideline range was 87 to 108 months, based on an offense level 29 and a Criminal History Category I. The court sentenced the defendant to 90 months imprisonment.[2]

## II. Procedural History

On July 5, 2005, the defendant filed the instant Motion for Re-Sentencing. In his motion, he alleges that his sentence was unconstitutionally enhanced by drug amounts that were not admitted by him, nor found by a jury, in violation of his Sixth Amendment rights. The United States filed its response on July 15, 2005, in which it requests that the court deny the defendant's motion because the defendant's claims are without merit. The defendant has not filed a reply brief, and his time for doing so has lapsed. Thus, this motion is ripe for review by this court.

## III. Discussion

Rule 35(a) of the Federal Rules of Criminal Procedure states: "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. PRO. 35(a). Furthermore, Rule 4(b) of the Federal Rules of Appellate

---

[1] The defendant's brief states that the court sentenced the defendant on August, 28, 2004. However, the court's records reflect that the defendant was sentenced on August 20, 2004.

[2] The defendant's brief states that the court sentenced the defendant to 108 months imprisonment, and that his guideline range was 108 to 135 months. However, the Judgment states that the court only sentenced the defendant to 90 months imprisonment. Furthermore, the court notes that the defendant's guideline range was 87 to108 months based on a criminal offense level of 29 and a criminal history category I. The court surmises that the defendant's counsel simply overlooked the two point safety valve reduction when writing its brief.

Procedure provides a defendant with 10 days after entry of judgment to file his notice of appeal. FED. R. APP. PRO. 4(b). However, a criminal defendant's knowing and voluntary waiver of the right to appeal his conviction or sentence has been consistently upheld as binding. See, e.g., United States v. Blick, 408 F.3d 162, 172-73 (4th Cir. 2005). In this case, the defendant filed his motion for re-sentencing on July 5, 2005, over ten months after the imposition of his sentence. Although the defendant has not filed his motion pursuant to any particular rule, his motion is untimely under Rule 35(a). Furthermore, the defendant did not appeal his case because he waived his right to appeal as part of his plea agreement. Thus, the defendant's motion should be denied.

However, even if the defendant had not waived his right to appeal and his motion was not untimely, this court would still deny his motion because his claims have no merit. The defendant alleges that in light of the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), that the use of drug weights not admitted by him or found by a jury to increase his sentencing range violates the Sixth Amendment. Assuming that the decision announced in Blakely v. Washington, 124 S.Ct. 2531 (2004), and extended to the federal sentencing guidelines in Booker announced a new rule, it is only in a narrow class of cases that the new rule will apply retroactively.

In Blakely, the Supreme Court extended its ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Court held that a judge may not increase a sentence above the statutory maximum unless that sentence is based on the factual findings of the jury or the admissions of the defendant. 566 U.S. at 483. The Court in Blakely reasoned that, for the purposes of Apprendi, the statutory maximum is not the maximum possible sentence for a crime, but only the maximum sentence that could be imposed based on the factors that were determined beyond a reasonable doubt by a jury or admitted by the defendant. Blakely, 124 S.Ct. at 2537.

3

The Court in Blakely addressed the sentencing guidelines used by the state of Washington, and specifically declined to address whether its holding applied to the federal sentencing guidelines. Id. at 2538 n.9. The Court subsequently, in Booker, applied the holding of Blakely to the federal sentencing guidelines, determining that the mandatory nature of the guidelines violated the Sixth Amendment for the reasons stated in Blakely, but that Congress would have preferred an advisory guideline scheme to none at all. Booker, 125 S.Ct. at 745, 756. Thus, it is the Booker decision, as opposed to Blakely or Apprendi, that is applicable to the defendant's sentence under the federal sentencing guidelines.

Because the defendant is attacking his final sentence, the court must determine if the rule announced in Booker may retroactively apply to the defendant. Retroactivity comes into play where a criminal defendant has been found guilty and his conviction has become final prior to the announcement of the new rule. See Lilly v. United States, 342 F. Supp. 2d 532, 535 (W.D. Va. 2004). A conviction is final if "'the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition of certiorari ha[s] elapsed.'" Teague v. Lane, 489 U.S. 288, 295 (1989) (quoting Allen v. Hardy, 478 U.S. at 258 n.1 (1986)).

The defendant's conviction clearly became final prior to the decision in Booker, and therefore he must show that the Supreme Court decision he wishes to take advantage of announced a new rule and that the new rule is retroactive. See id. at 308. A decision announces a new rule if the "result was not dictated by precedent existing at the time the defendant's conviction became final." Id. at 301. Although Blakely and Booker stemmed from the Court's holding in Apprendi, it does not appear that the result in Booker was dictated by precedent. The application of Apprendi to the sentencing enhancements in the guidelines was not foreseen by the courts of appeals after the

4

Supreme Court decided Apprendi. See e.g., United States v. Sanders, 247 F.3d 139, 150 (4th Cir. 2001) (holding that the court can enhance sentences on the basis of judicially determined facts so long as the statutory maximum is not exceeded); Lilly, 342 F. Supp. 2d at 537 n.3 (citing similar decisions from the other courts of appeals).

Thus, as stated above, assuming then, that the decision announced in Booker was a new rule, there is only a narrow class of cases to which the new rule will apply retroactively. See Schriro v. Summerlin, 124 S.Ct. 2519, 2522 (2004). The defendant must either show that the new rule is substantive, rather than procedural, or that the new rule is a "watershed rule of criminal procedure." Id. at 2523.

It is undisputed that the rule announced in Booker is procedural rather than substantive. No conduct that was forbidden prior to Booker is permitted today. Booker only "regulates the manner of determining the defendant's culpability." Summerlin, 124 S.Ct. at 2523. Booker does not involve the substantive determination of what conduct is lawful or unlawful. Moreover, the rule announced in Apprendi, 530 U.S. 466 (2000), upon which Booker relied, has been determined to constitute a procedural rule that does not apply retroactively. See Summerlin, 124 S.Ct. at 2523; Sanders, 247 F.3d at 151 (finding that the rule announced in Apprendi does not apply retroactively on collateral review).

A procedural decision may apply retroactively if it establishes one of the rare "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Summerlin, 124 S.Ct. at 2523; Teague, 489 U.S. at 311 (1989). In order to constitute such a rule, the decision must "so seriously diminish 'accuracy that there is an impermissibly large risk' of punishing conduct the law does not reach." Summerlin, 124 S.Ct. at 2525 (quoting Teague,

489 U.S. at 312-13).

The rule announced in Booker is not such a watershed change. As the Seventh Circuit has recently described:

> Booker does not in the end move any decision from judge or jury, or change the burden of persuasion. The remedial portion of Booker held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the [S]ixth [A]mendment so long as the guidelines system has some flexibility in application.

McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005).

There is nothing in either Blakely or Booker to suggest that the Supreme Court intended to overrule the numerous cases holding that Apprendi does not apply retroactively. This determination is in accord with numerous other courts that have addressed the issue of retroactivity, either in the immediate wake of the Blakely decision, or following the more recent decision in Booker. See id.; Lilly, 342 F.Supp. at 538-39 n.5 (citing the cases). Each circuit that has addressed the issue of retroactivity in the wake of Booker has determined that the rule announced in that decision is not applicable on collateral review. See Lloyd v. United States, 407 F.3d 608, 614 (3d Cir. May 17, 2005); Guzman v. United States, 404 F.3d 139, 144 (2d Cir. Apr. 8, 2005); United States v. Price, 400 F.3d 844, 849 (10th Cir. Mar. 8, 2005); Humphress v. United States, 398 F.3d 855, 863 (6th Cir. Feb. 25, 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. Feb. 17, 2005); McReynolds, 397 F.3d at 491. See also United States v. Johnson, 353 F. Supp. 2d 656, 657-58 (E.D. Va., Jan. 21, 2005).

Hence, the defendant's reliance upon the rule outlined in Booker is misplaced. Booker is not retroactively applicable to the defendant's sentence, and therefore his claim of unconstitutional enhancement of his sentence is **DENIED**. The court notes that, although this order addresses the

defendant's motion for re-sentencing, the court would apply the same retroactivity analysis to a petition pursuant to Title 28, United States Code Section 2255, if the defendant were to file such a petition based on this same Booker argument.

**IV.    Conclusion**

For the reasons discussed above, the defendant's Motion for Re-Sentencing is **DENIED**. The Clerk is **REQUESTED** to send a copy of this Order to counsel of record.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

August 16th, 2005
Norfolk, Virginia