UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**ANTHONY D. WIGGINS,**

      **Petitioner,**

v.	                                              **Criminal Action No. 2:04cr25**
                                                   **Civil Action No. 2:06cv74**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## ORDER AND OPINION

Currently before the court is the petitioner's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by A Person in Federal Custody & / or 18 U.S.C. § 3582" filed on February 6, 2006. The petitioner argues that (1) his sentence was unconstitutionally enhanced by facts that were not admitted by him, nor found by a jury, in violation of United States v. Booker, 125 S.Ct. 738 (2005); (2) his counsel was ineffective for not objecting to enhancements; (3) his counsel failed to appeal his Booker argument when requested to do so; and (4) he is actually innocent. The court finds, however, that it is "indisputably clear from the materials presented . . . that the petition is untimely and cannot be salvaged by equitable tolling principles." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). Because the record conclusively demonstrates that the petitioner is not entitled to relief, the court declines to hold an evidentiary hearing. For the reasons set forth below, the petition is **DISMISSED**.

### I. Factual and Procedural Background

On February 11, 2004, the petitioner was named in a one count indictment charging him with

1

possession with intent to distribute 500 grams or more of cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(ii). On April 28, 2004, pursuant to a written plea agreement with the United States, the petitioner pleaded guilty to the indictment. A date for sentencing was set and a presentence report was prepared by the Probation Office of this court.

The petitioner made several objections to the presentence report, including the calculation of drug weights. Specifically, the petitioner objected to any drug amount beyond that to which he plead, which was 746 grams. The petitioner argued that, pursuant to Blakely v. Washington, 124 S. Ct. 2531 (2004), the enhancement of his sentence through the attribution of drug quantities not admitted by him, nor found by a jury, violates the Sixth Amendment. However, at the sentencing hearing on August 20, 2004, the petitioner withdrew his Blakely objection. Subsequently, the court determined that the Probation Officer had correctly calculated the drug amounts attributable to the petitioner. After reductions for acceptance of responsibility and the safety valve, the court determined that the petitioner's guideline range was 87 to 108 months, based on an offense level 29 and a Criminal History Category I. The court sentenced the petitioner to 90 months imprisonment. The petitioner did not appeal his sentence because he had waived his right to appeal.

On July 5, 2005, the petitioner, through counsel, filed a Motion for Re-sentencing asking the court to re-sentence the petitioner in accordance with Booker.[1] On August 16, 2005, this court denied the petitioner's motion. On February 6, 2006, the petitioner filed the instant pro se 2255 petition.

---

[1] The petitioner's motion for re-sentencing, which this court denied, incorrectly stated that the court sentenced the petitioner to 108 months imprisonment, and that his guideline range was 108 to 135 months. However, the Judgment states that the court only sentenced the petitioner to 90 months imprisonment. Furthermore, the court notes that the petitioner's guideline range was 87 to108 months based on a criminal offense level of 29 and a criminal history category I. The court surmises that the petitioner's counsel simply overlooked the two point safety valve reduction when writing the brief.

Because this matter is one that can be addressed without the assistance of the United States, this court has not ordered the United States to respond. See R. Governing § 2255 Proceedings in U.S. Dist. Cts. 4(b). Thus, this matter is now ripe for review.

## II. Discussion

In his section 2255 motion, the petitioner claims that (1) his sentence was unconstitutionally enhanced by facts that were not admitted by him, nor found by a jury, in violation of United States v. Booker, 125 S.Ct. 738 (2005); (2) his counsel was ineffective for not objecting to enhancements; (3) his counsel failed to appeal his Booker argument when requested to do so; and (4) he is actually innocent. In addition to section 2255, the petitioner also files his motion pursuant to 18 U.S.C. § 3582(c)(2), which allows a court to modify a sentence when the Sentencing Commission lowers a sentencing range. However, section 3582(c)(2) is inapplicable to this case because there has been no change in the applicable sentencing range. Accordingly, the court addresses the motion pursuant to section 2255.

A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. See 28 U.S.C. § 2255. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214 (1996), made substantial changes to section 2255. The AEDPA includes stringent limitations on the filing of successive section 2255 petitions and assigns a "gatekeeping" function for the screening of habeas petitions. See Felker v. Turpin, 518 U.S. 651, 664 (1996) (addressing the AEDPA's impact on the Supreme Court's original jurisdiction). Most importantly, for purposes of

addressing this petition, the AEDPA implemented a one-year limitation period applicable to the filing of section 2255 petitions. In relevant part, section 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

As the petitioner did not appeal his sentence, his conviction became final when the time period for filing an appeal expired. See Clay v. United States, 537 U.S. 522, 524- 27 (2003) (noting that finality attaches when the time for seeking review expires) ; United States v. Sanders, 247 F.3d 139, 142-144 (4th Cir. 2001). The petitioner was sentenced on August 20, 2004; thus, his conviction became final ten days later. See Fed. R. App. P. 4(b), 26. The instant petition was filed on February 6, 2006, over a year and five months after his conviction became final.

The court finds that the date that the petitioner's conviction became final is the triggering date that must be used in applying the AEDPA statute of limitation. From the motion itself, there has been no showing of any impediment by the government that would have prevented the petitioner

from filing his section 2255 motion at an earlier date, and the petitioner's claims are not based on any rights newly recognized by the Supreme Court which have been made retroactive on collateral review. States v. Morris, 429 F.3d 65 (4th Cir. 2005)(finding that Booker is not retroactive on collateral review). Furthermore, the petitioner's reliance on Dodd is misplaced because Booker has not been made retroactive. Dodd v. United States,125 S. Ct. 2478, 2482 (2005)(finding that, for purposes of filing a timely section 2255 petition, a petitioner can only take advantage of the date that the Supreme Court recognizes a new rule, if the new rule has been made retroactive). Therefore, the limitations period on the petitioner's section 2255 motion has expired and the petition is untimely.

Furthermore, the petitioner has already had one opportunity to bring these claims before this court, even though he has not previously filed a section 2255. On July 5, 2005, the petitioner filed a motion for re-sentencing in which he made the same Booker claim that he now makes in the instant section 2255 petition. At the time the court ruled on the petitioner's prior motion, the petitioner still had time to file a section 2255 petition within the one year period. In order to protect the petitioner's right to file a timely section 2255 petition, the court did not construe his prior motion as one filed under section 2255, even though the petitioner was collaterally attacking his sentence with the same Booker argument that he makes today. Instead, the court simply denied the petitioner's motion based on the fact that Booker is not retroactive to cases on collateral review. However, the court informed the petitioner that it would apply the same non-retroactivity analysis to a section 2255 petition based on the Booker argument, if the petitioner were to file such a petition.

Thus, the court protected the petitioner's right to bring a timely section 2255 motion to address any remaining claims that he may have had. Yet, the petitioner still failed to file his section 2255 motion within the applicable time period. Instead, the petitioner waited until more than five

5

months after the expiration of the one-year period to file his thirty-two page 2255 motion and brief, which includes the exact same Booker argument that he raised in his motion for re-sentencing and three new conclusory claims - that his counsel was ineffective for not objecting to enhancements; that his counsel failed to file a requested appeal as to the Booker issue; and that he is actually innocent.[2] Although the instant petition is not technically a successive section 2255 motion, the petitioner had the opportunity to make these three new claims in his previous motion to this court or in a timely section 2255 petition. See United States v. Pittman (dismissing as untimely ineffective assistance of counsel claim based on failure to appeal). However, he failed to do so and now brings these new claims in an untimely petition. Accordingly, the court finds that the instant petition must be **DISMISSED** for untimeliness as to all four of the petitioner's claims.

The court notes that, even if the petitioner's motion was not untimely, the petitioner's Booker claim would be subject to summary dismissal because Booker is not retroactive on collateral review. United States v. Morris, 429 F.3d 65 (4th Cir. 2005); see also United States v. Gentry, 432 F.3d 600, 601 (5th Cir. 2005); United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005); Never Misses a Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005); Lloyd v. United States, 407 F.3d 608, 614 (3d Cir. May 17, 2005); Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005); United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005); Humphress v. United States, 398 F.3d 855, 863 (6th Cir. 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005); McReynolds v. United States, 398 F.3d 479, 481 (7th Cir. 2005). Thus, the petitioner's reliance on Booker is misplaced.

---

[2] The petitioner has presented no explanation, other than Booker, as to why he is actually innocent of the sentence imposed.

6

### III. Conclusion

Pursuant to the statute of limitations proscribed in the AEDPA, the petition filed on February 6 , 2006 is **DISMISSED**. Finding no substantial issue for appeal concerning a debatable procedural issue, a certificate of appealability is **DENIED**. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The petitioner is **ADVISED** that he may appeal from the denial of a certificate of appealability by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty (60) days from the date of this Order.

The Clerk is **REQUESTED** to mail a copy of this Order to the petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510.

**IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

March 9, 2006
Norfolk, Virginia